Ryan T. Earl
EARL & EARL PLLC
6126 W. State Street #305
Boise, ID 83703
Telephone: 208-340-1773
Fax: 719-269-8832
ISB# 8342 WSBA# 34007 CO#45910
enepllc@gmail.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES H. CAREY, JR.<br><br>　　　　　Plaintiff,<br><br>　　vs.<br>ADA COUNTY MISDEMEANOR PROBATION DEPARTMENT; MELISSA BISHOP, as an individual and in her official capacity; KERRI ANDERSON, as an individual and in her official capacity;<br><br>　　　　　Defendants. | Case No:<br><br>VERIFIED COMPLAINT |

COMES NOW the Plaintiff, JAME H. CAREY, JR., (Hereinafter Mr. Carey) by and through his attorney of record, Ryan T. Earl, of the law firm EARL & EARL, PLLC, and hereby submits to this Court Plaintiff's Verified Complaint, and in support, states the following:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Mr. Carey seeks relief for the violation of his rights secured by 42 USC §1983, §1988, the Fourth and Fourteenth Amendments of the United States Constitution.

**VERIFIED COMPLAINT-** 1 of 11

2. The claims arise from an October 31, 2017 incident in which officers of the Ada County Probation Department acting under color of state law, intentionally and willfully subjected Mr. Carey to false arrest and imprisonment.

3. Mr. Carey seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action arises under the Constitution of the United States, particularly the Eighth, and Fourteenth Amendments to the Constitution of the United States, and the law of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988. This action is brought for damages and other appropriate relief for violation of Mr. Carey's civil rights under color of state law.

## PARTIES

5. Plaintiff James H. Carey is a resident of the City of Boise, County of Ada, State of Idaho.

6. Upon information and belief, **Ada County Misdemeanor Probation Department** (hereinafter **Probation**) is a municipal corporation organized under the laws of the State of Idaho. At all times relevant hereto, Defendant Probation was responsible of the policy, practice, supervision implementation, and conduct of all probation personnel. In addition, at all times here relevant, Defendant Probation, was responsible for enforcing the rules of the Ada County Probation Department and for ensuring that the probation personnel obey the laws of the United States and the State of Idaho.

**VERIFIED COMPLAINT-** 2 of 11

7. Upon information and belief, **Melissa Bishop** was, at all times here relevant, a probation officer employed by the Ada County Probation Department, and as such, was acting in the capacity of an agent, servant, and employee of Ada County Probation Department. Defendant Bishop was Mr. Carey's assigned probation officer at the time of the incident. Defendant Bishop should have known the No-Contact Order (hereinafter NCO) issued in 2012, five (5 years prior to the incident) had been modified in 2014.

8. Upon information and belief, **Keri Anderson** was, at all times here relevant, a probation officer employed by the Ada County Probation Department and as such, was acting in the capacity of an agent, servant, and employee of Ada County Probation Department. Defendant Anderson was Mr. Carey's assigned probation officer for the approximately four and a half (4.5) years prior to Defendant Bishop's assignment to Mr. Carey. Defendant Bishop should have known the No-Contact Order issued in 2012 had been modified in 2014.

9. At all times herein mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances regulations policies customs and usages of the County of Ada, State of Idaho.

## NOTICE OF CLAIM

10. Within 90 days of the incident, Mr. Carey file written Notice of Claim with the Ada County Misdemeanor Probation Department. Over 30 days have elapsed since the filing of that notice and this matter has not been settled or otherwise disposed of.

## PREVIOUS LAWSUITS

11. Mr. Carey has never filed a lawsuit in State and/or Federal court.

///

///

**VERIFIED COMPLAINT-** 3 of 11

## FACTUAL ALLEGATIONS

12. Mr. Carey incorporates the necessary facts, venue and jurisdiction allegations as if fully rewritten herein.

13. Mr. Carey was living in Boise, Idaho with Sarah Carey, the Careys' three-year old child and two of Ms. Carey's three sons.

14. On or about October 31, 2017, law enforcement was dispatched to James Carey and Sarah Carey's residence at 5704 W. Peachtree Street, Boise, Idaho.

15. Boise Police Department (hereinafter BPD) Officer Steve Schneider (Ada No. 664) responded to the Careys' residence at 5704 W. Peachtree Street, Boise, Idaho.

16. Upon information and belief, Officer Schneider stated in his police report, that BPD had received a telephone call from Mr. Carey's probation officer, Melissa Bishop, stating Mr. Carey was in violation of a No-Contact Order (hereinafter NCO).

17. Upon information and belief, according to the police report, Melissa Bishop had been contacted by Sarah Carey. Ms. Carey denies calling Ms. Bishop and reporting a violation of the NCO.

18. On October 31, 2017, as Mr. Carey was preparing to leave his home to take his three-year old daughter trick-or-treating for the holiday commonly known as Halloween. Officer Schneider arrived at Mr. Carey's home and placed him under arrest in front of his family for an NCO violation.

19. On October 31, 2017, BPD Officer Echols and BPD Officer Arend arrived to assist Officer Schneider.

20. Mr. Carey was very confused at the time and neither he nor Ms. Carey understood what was happening. When Mr. Carey was informed he was in violation of an NCO, he denied he

was in violation since Mr. Carey's NCO had been amended three (3) years prior and was no longer in effect as originally written.

21. Both Mr. Carey and Ms. Carey informed Officer Schneider that the NCO had been amended which allowed Mr. Carey contact with Mrs. Carey with her permission.

22. Mrs. Carey started searching for the NCO but the effort was not acknowledged by the arresting officers and she was told to stay inside the house.

23. Mr. Carey was charged with a Misdemeanor No Contact Order Violation (Statute I18-920).

24. In 2012, an NCO had been issued in Case No. CR-FE-12-6536 but was amended on or about January 9, 2014. The amended NCO allowed Mr. Carey to live in the same household as Ms. Carey and the children with Ms. Carey's permission. Ms. Carey chose to reside with Mr. Carey in the home at 5704 W. Peachtree Street, Boise, ID with the Carey's daughter and two (2) of Ms. Carey's three (3) children.

25. The No Contact Order issued in 2012 had not been in effect as originally filed since January, 2014. Mr. Carey cannot recall Defendant Bishop, as Mr. Carey's probation officer, ever discussing Mr. Carey's case or the terms of the prior NCO.

26. Upon information and belief, Defendant Bishop notified the Boise Police Department of an NCO violation without having any conversations with Mr. Carey regarding the terms of Case No. CR-FE-12-6536.

27. In regard to Case No. CR01-17-44425, Mr. Carey pled Not Guilty in a video arraignment before the Honorable Michael J. Oths. On November 1, 2017, an Order of Release was issued. On November 29, 2017, an Order Granting Motion to Quash No-Contact Order was signed and filed with the court for Case Number CR-FE-12-6536. Case Number CR01-17-44425

was dismissed on February 14, 2018, and an Order to Dismiss was signed by Honorable D. Manweiler.

28. Defendant Bishop had been Mr. Carey's probation office for approximately 9 (nine) months prior to the incident that is the subject of this Complaint. Defendant Bishop's supervisor, Defendant Anderson, had been Mr. Carey's probation officer for approximately 4 ½ years prior to Defendant Bishop.

29. Defendant Bishop and Defendant Anderson should have known and could have reasonably determined that the NCO issued in 2012 had been amended in 2014 due to the length of time both individuals had been overseeing Mr. Carey's probation.

30. To Mr. Carey's information, knowledge and belief, Officer Bishop had never discussed Mr. Carey's living arrangements or family life with him. Upon information and belief, Mr. Carey's address, 5704 W. Peachtree Street, Boise, Idaho, was on file with the probation department and with the Court as he received mail at that address from both entities.

31. To the best information, knowledge and belief, in Case No. CR-FE-12-6536, Mr. Carey was placed on supervised probation until July 10, 2018. Mr. Carey fully completed the terms of his probation on July 10, 2018. He was compliant with the terms of his probation and never had any disciplinary action taken against him. Although the NCO had been amended in 2014, Mr. Carey was to continue his probation.

32. Mr. Carey was deprived of his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## DAMAGES

33. As a direct and proximate result of the acts of defendant, Mr. Carey suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

b. Violation of his right to Due Process of law under the Fourteenth Amendments to the United States Constitution;

c. Violation of his Idaho State Constitutional rights under Article 1, Section 13 to due process;

d. Emotional trauma and suffering including fear, embarrassment, humiliation, emotions distress, frustration, extreme inconvenience, anxiety;

e. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

34. The preceding paragraphs are here incorporated by reference.

35. Defendants have deprived Mr. Carey of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Mr. Carey under 42 USC § 1983.

36. Defendants' conduct deprived Mr. Carey of his right to be free of unreasonable search and seizure, pursuant to the Fourth and Fourteenth Amendments to the United Stated Constitution. Defendants' conduct also deprived Mr. Carey of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

37. Defendants cause Mr. Carey to be arrested due to false information provided by Defendant Bishop and the Ada County Probation Department.

38. Mr. Carey has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(Negligent Supervision –Defendant Ada County Probation Department)
(Idaho State Law Claim)

39. Mr. Carey incorporates the necessary facts, venue and jurisdiction allegations as if fully rewritten herein.

40. Ada County Probation Department has a duty to properly train and supervise its employees. Defendant Bishop and Defendant Anderson should have known the full history of Mr. Carey's charges, sentence and terms of his probation, including the NCO and the changes allowing Mr. Carey to live with Mrs. Carey.

## THIRD CAUSE OF ACTION
(Negligent Hiring and Retention)

41. Mr. Carey incorporates the necessary facts, venue and jurisdiction allegations as if fully rewritten herein.

42. Defendant Ada County Probation Department owed a duty of care to Mr. Carey to prevent the loss of liberty and mental abuse sustained by Mr. Carey.

43. Defendant Ada County Probation Department owed a duty of care to Mr. Carey because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated an injury to Mr. Carey or those in a position similar to Mr. Carey's as a result of this conduct.

44. Upon information and belief, defendant probation officers were incompetent and unfit for their positions.

45. Upon information and belief, Defendant Probation knew or should have known through exercise of reasonable diligence that Defendant Probation Officers were not thorough in the cases assigned to them.

46. Defendant Probation's negligence in hiring and retaining Defendant Bishop proximately cause Mr. Carey's injuries.

47. Because of Defendant Probation's negligent hiring and retention of Defendant Officers, Mr. Carey incurred damages described above.

**FOURTH CAUSE OF ACTION**
(Respondeat Superior –Ada County Probation Department)
(Idaho State Law Claim)

48. Mr. Carey incorporates the necessary facts, venue and jurisdiction allegations as if fully rewritten herein.

49. Under the law of Respondeat Superior, an employer is liable for a tort of its employees.

50. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant Ada County Probation Department, Mr. Carey was damaged.

**RIGHT TO AMEND**

Mr. Carey reserves his right to amend this Complaint to include additional causes of action and parties as they arise and are discovered through discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Carey prays for the following relief:

1. Awarding Mr. Carey compensatory damages for past and future pain, suffering, embarrassment, humiliation, mental anguish; and a reasonable value of legal services that he needed and obtained by his attorneys.

2. Awarding Mr. Carey of punitive damages in an amount to be determined by a jury;

3. Awarding Mr. Carey prejudgment and post-judgment interest plus any reasonable costs of collection of the judgment.

4. Awarding attorney's fees, costs and other relief to which he is entitled and as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Mr. Carey demands a jury trial for all claims and causes of action triable by jury in accordance with the law of the United States of America.

Dated this 15th day of October, 2019.

                                                           __/s/Ryan T Earl_____
                                                           Ryan T. Earl
                                                           Attorney for Plaintiff

## VERIFICATION

**STATE OF IDAHO** )
                     )ss
**COUNTY OF ADA** )

JAMES H. CAREY, JR., being first duly sworn upon oath, says:

That he has read the above foregoing Complaint; that he knows the contents thereof and believes that the facts stated herein are true.

_____
JAMES H. CAREY, JR.

SUBSCRIBED AND SWORN to before me this 14th day of October, 2019.

NOTARY PUBLIC FOR IDAHO

_____

Residing at: Star, ID
Commission Expires: 9-2-2021



**VERIFIED COMPLAINT-** 11 of 11