UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES H. CAREY, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>ADA COUNTY MISDEMEANOR PROBATION DEPARTMENT; MELISSA BISHOP, as an individual and in her official capacity; KERRI ANDERSON, as an individual and in her official capacity,<br><br>    Defendants. | Case No. 1:19-cv-00401-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Verified Complaint. Dkt. 16. The motion is fully briefed. For the reasons that follow the Court will grant the motion.

### BACKGROUND

All facts are taken from Plaintiff's complaint (Dkt. 1). Plaintiff, James Carey brings this action against the Ada County Misdemeanor Probation Department, and Melissa Bishop and Keri Anderson, who are probation officers with Ada County.

**MEMORANDUM DECISION AND ORDER - 1**

Bishop was Carey's probation officer at the time of the incident. Anderson was Carey's probation officer prior to Bishop.

On October 31, 2017, Boise Police officers were dispatched to the residence of Sarah Carey, where Mr. Carey was residing. Bishop had called the Boise Police Department (BPD) to report that Carey was in violation of his no-contact order. According to the police report the probation officer had been contacted by Ms. Carey. However, Ms. Carey denies reporting a violation of the no-contact order. Further, the no-contact order had been amended three years prior to allow Mr. Carey to have contact with Ms. Carey with her permission. Both Mr. and Ms. Carey informed the officers that the no-contact order had been amended and was not in effect as originally written. The officers ignored this and arrested Mr. Carey for misdemeanor no contact order violation. On November 29, 2017, the no-contact order was quashed, and Mr. Carey's violation was dismissed on February 14, 2018.

Defendant Bishop had never discussed Mr. Carey's living arrangement with him. However, his address, the same as Ms. Carey's, was on file with the probation department.

On October 15, 2019, Carey filed a complaint against the above-named defendants alleging violation of his Fourth and Fourteenth Amendment rights

MEMORANDUM DECISION AND ORDER - 2

under 42 U.S.C. § 1983. Carey alleges Defendants' conduct deprived him of his right to be free from unreasonable search and seizure and his right to due process of law. Carey also alleges the Ada County Probation Department was negligent in its hiring, retention, training, and supervision of its employees. Defendants filed a motion to dismiss under Rule 12(b)(4), (5) and 12(c). Dkt. 16.

## LEGAL STANDARD

### A.    Motion to Dismiss

Defendants, pursuant to Federal Rule of Civil Procedure 12(c), seek to Dismiss Plaintiff's complaint for failure to state a claim. Motions to dismiss under Rules 12(c) and 12(b)(6) differ only in the time of filing; for both, the same legal standard applies. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A motion pursuant to Rule 12(b)(6) or Rule 12(c) challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(c) or 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set

forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

    In a more recent case, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining

**MEMORANDUM DECISION AND ORDER - 4**

whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## ANALYSIS

### A.  Ada County Misdemeanor Probation Department

The Ada County Misdemeanor Probation Department is not an appropriate defendant under a theory of municipal liability because the proper defendant in such a claim is the municipality—the county—and not the municipal department. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). The probation department is not a legal entity, nor is it a "person" for purposes of a § 1983 action. *Cutler v. Kootenai Cty. Sheriff's Dep't*, 2010 WL 2000042, at *11 (D. Idaho May 19, 2010). Thus, plaintiff's § 1983 claims against the probation department will be dismissed.[1]

### B.  Defendants Bishop and Anderson

Carey brings his claims against Bishop and Anderson under 42 U.S.C. §

---

[1] Carey is represented by counsel, as such the court is not required to construe the pleadings liberally. Even if the Court somehow found that Carey had named Ada County—which he has not—his complaint would still be dismissed. First, he has not affected proper service on the County. *See Mendoza-Jimenes v. Bonneville Cty.*, 2018 WL 3745818, at *1 (D. Idaho Aug. 7, 2018). Second, he has not alleged that a policy or custom led to the violation of his constitutional right. *Cutler*, 2010 WL 2000042, at *11 (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))

1983, the civil rights statute. To have a claim under § 1983, a plaintiff must show the existence of four elements: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Conner*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A plaintiff must demonstrate that each defendant personally participated in the deprivation of plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Carey alleges Defendants caused him to be arrested due to false information provided by Defendant Bishop to BPD. Carey alleges this conduct deprived him of his right to be free from unreasonable search and seizure under the Fourth Amendment and violated his right to due process of law under the Fourteenth amendment.

Carey has not alleged that Defendant Anderson played any role in contacting the Boise Police Department or participated in his arrest. Anderson had not been Carey's probation officer for 8 months prior to his arrest. He has not claimed she in anyway caused his arrest. Therefore, the Court will dismiss Carey's § 1983 claim

against Anderson. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("[A] plaintiff [can] not hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct.") (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)).

Defendant Bishop presents a slightly closer question. Bishop contacted BPD to report that Carey was in violation of his no-contact order. Carey does not allege that Bishop was involved in his arrest beyond placing the initial phone call. Carey argues that Bishop should have confirmed the scope of the no-contact order before calling BPD.

In a § 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. *See, e.g., Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996); *Arnold*, 637 F.2d at 1355.

> The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In the false arrest context, the

**MEMORANDUM DECISION AND ORDER - 7**

plaintiff must plead facts that would show that the defendant ordered or otherwise procured the arrest and the arrest was without probable cause. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012).

Bishop called BPD and reported that Carey was in violation of his no-contact order. At the time of the call there was a valid no-contact order, which allowed Mr. Carey to live with Ms. Carey, with her permission. The police report alleges that Bishop contacted BPD because Ms. Carey had contacted her, although Ms. Carey denies this. The problem here is that Carey does not allege that Bishop directed the officers to arrest Mr. Carey, nor that his arrest was without probable cause. Mr. Carey was on probation with a valid no-contact order. Bishop reported a possible violation of the no-contact order. According to Mr. Carey's version of events, upon arrival the police officers chose not to speak to Ms. Carey to confirm that Mr. Carey did not have permission to be in the home, nor allow Mr. Carey to obtain a copy of the no-contact order.

Police officers have a duty to be informed of both the existence and terms of a protection order. *Beier v. City of Lewiston*, 354 F.3d 1058, 1069 (9th Cir. 2004) ("A police officer who does not personally read such an order, for example, may fulfill his duty by obtaining information from authorized personnel—such as a supervisor or police dispatcher—who have access to the terms of the order.").

**MEMORANDUM DECISION AND ORDER - 8**

Carey has not alleged that the officers somehow relied on Bishop's description of the terms of the no-contact order. Carey's only allegation is that Bishop called BPD to report a potential violation of the no-contact order. It was ultimately the officer's decision to investigate the situation and arrest Carey. The officers' actions are an intervening cause of any harm to Mr. Carey.

Bishop's call to BPD did not proximately cause Carey's arrest. Therefore, the Court will dismiss Carey's claim against Bishop. Because the Court dismisses Carey's § 1983 claims it declines to exercise jurisdiction over Carey's state law claims.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss Plaintiff's Verified Complaint (Dkt. 16) is **GRANTED**.

2. Carey's claims for negligent hiring, retention, and supervision, are dismissed without prejudice for lack of jurisdiction. Carey may re-file these claims in state court. Pursuant to 28 U.S.C. § 1367(d), any applicable statutes of limitations on Carey's state law claims were tolled while this action was pending, and for an additional 30 days after this order of dismissal. Therefore, if Carey

wishes the bring the state claims, he must re-file those claims in state court within 30 days of this order, unless state law provides for a longer time.

DATED: August 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**